IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHIANETTE SIMS,

    Plaintiff,

vs.   CASE NO. 5:09-cv-184/RS-EMT

CORRECTIONS CORPORATION
OF AMERICA,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Dismiss (Doc. 5) and Plaintiff's Motion to Remand to State Court (Doc. 13). After filing her Motion, Plaintiff filed her Motion for Leave to Amend (Doc. 16) and her Second Amended Complaint (Doc. 14) in which she has deleted her federal claims of race discrimination and retaliation pursuant to 42 U.S.C. §§ 1981. Only state claims remain.

### I. Leave to Amend

Once the time period for amending a pleading as of right has expired, Rule 15(a) of the Federal Rules of Civil Procedure allows amendment "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The decision to grant leave to amend is within the sole discretion of the district court." *Laurie v. Alabama Court of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). Rule 15(a)

limits the court's discretion by requiring that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). There must be "a substantial reason to deny a motion to amend." *Laurie*, 256 F.3d at 1274 (citing *Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir. 1985)). Substantial reasons justifying denial include "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *see also Florida Evergreen Foliage v. E. I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (holding that the district court's discretion did not extend to denying a motion for leave to amend unless a substantial reason existed). Plaintiff has not obtained Defendant's written consent to amend, but the court finds that the motion for leave to amend has been filed at an early stage in the litigation, that it will not cause undue delay or undue prejudice, and that it was not filed in bad faith.

The relief requested by Plaintiff's Motion for Leave to Amend (Doc. 16) is **granted.**

## II. Remand

The decision to exercise supplemental jurisdiction over state claims "rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 (11th Cir. 2004) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)). District courts are "encouraged" to dismiss remaining state claims when the federal claims have been dismissed prior to trial. *Raney*, 370 F.3d

at 1089 (citing *L.A. Draper & Son v. Wheelbrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

The relief requested by Plaintiff's Motion to Remand (Doc. 13) is **granted.**

**IT IS ORDERED:**

1. This case is **REMANDED** to the Circuit Court, Fourteenth Judicial Circuit of the State of Florida.

2. Plaintiff shall reimburse Defendant for the costs associated with removing the action to federal court up to $600.

3. Defendant's Motion to Dismiss (Doc. 5) is **denied as moot.**

4. The clerk is directed to close the file.

**ORDERED** on June 23, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**