IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHIANETTE SIMS,

    Plaintiff,

vs.                                  CASE NO. 5:09-cv-184/RS-EMT

CORRECTIONS CORPORATION
OF AMERICA,

    Defendant.
_____/

## ORDER

Before me is Defendant's Motion for Reconsideration (Doc. 19). As requested by Defendant, I will also consider its motion as its response to Plaintiff's Motion to Remand (Doc. 13) and Plaintiff's Motion for Leave to Amend (Doc. 16).

Defendant urges me to vacate my order remanding this case to state court (Doc. 17). Defendant states that my decision to remand the case was improper because the court had subject-matter jurisdiction at the time of removal. I have already addressed the issue of subject-matter jurisdiction in my remand order; I have subsequently reviewed my order and reaffirm my analysis of the law.

Defendant further urges me to vacate my order because the order did not address diversity jurisdiction under 28 U.S.C. § 1332. Where a suit is instituted in

state court and removed to a federal court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . ." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290, 58 S. Ct. 586 (1938). The removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). While Defendant did not detail its basis for diversity jurisdiction in its Notice of Removal (Doc. 1), Defendant now claims that the court has diversity jurisdiction because "the amount in controversy in this matter easily exceeds $75,000." (Doc. 19 at 5). The only concrete amount of damages, however, is contained in Plaintiff's Second Amended complaint where Plaintiff alleges that damages are "greater than $15,000." (Doc. 14, ¶ 1). At this point in the litigation, only the bare pleadings are available to the court - there have been no depositions taken, no interrogatories answered, and no requests for admission submitted by either party. The Eleventh Circuit has concluded that "the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1446(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Lowery v.*

*Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).  In assessing whether removal is appropriate, "the district court has before it only the limited universe of evidence available when the motion to remand is filed, i.e., the notice of removal and accompanying documents." *Id.* at 1214.  "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15.

Defendant's assertion that the amount in controversy exceeds $75,000 is purely speculative at this point in the litigation.  Because such speculation is not allowed, Defendant cannot establish jurisdiction pursuant to 28 U.S.C. § 1332.  Consequently, Defendant's Motion for Reconsideration (Doc. 19) must be **denied.**

**ORDERED** on July 17, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**